# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
The R.R. Gregory Corporation ) ASBCA No. 58517
)
Under Contract No. DACA31-00-C-0037 )

APPEARANCE FOR THE APPELLANT: Brian Cohen, Esq.
    Greenburg & Spence, L.L.C.
    Gaithersburg, MD

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
    Engineer Chief Trial Attorney
    Richard P. White, Esq.
    Michael T. Shields, Esq.
    Engineer Trial Attorneys
    U.S. Army Engineer District, Baltimore

## OPINION BY ADMINISTRATIVE JUDGE JAMES
## ON APPELLANT'S MOTION FOR RECONSIDERATION

The Board's 6 February 2014 decision granted respondent's motion to dismiss the captioned appeal for lack of subject matter jurisdiction, held that appellant's 24 August 2012 certified claim was barred by the Contract Disputes Act (CDA) six-year statute of limitations, 41 U.S.C. § 7103(a)(4)(A), and dismissed the appeal. On 10 February 2014 appellant received that decision and on 7 March 2014 timely moved for reconsideration. On 7 April 2014 respondent replied thereto. Appellant responded on 22 April 2014.

Movant asserts that our decision "mischaracterizes Gregory's claim" and:

> [H]as made significant, material mistakes in its findings of fact,
> both in the characterization of the findings and the complete
> omission of material dispositive facts which the Board has chosen
> to ignore. In addition the Board's legal analysis is erroneous,
> misstates cases relied on, and fails to consider other significant case
> law, including cases of this Board which clearly dictate a different
> result.

(App. mot. at 1, 13)

# I.

With respect to the assertion that our decision mischaracterized Gregory's claim, we stated the fact and date of movant's claim in SOF ¶ 15, and set out in fair detail its claim contentions before proceeding to our decisional analysis. 14-1 BCA ¶ 35,524 at 174,110. Our statements accurately described, and mischaracterized nothing in, Gregory's 24 August 2012 claim theory and allegations, as appellant now concedes (app. resp. at 8).

# II.

Movant asserts that the Board's SOF ¶ 13 is incomplete, misleading and erroneous because some documents cited (R4, tabs 48, 49, 52, 54-55; app. opp'n, ex. 13) do not refer specifically to "time extensions for unadjusted change orders"; tab 56 omits the "material facts" of a "$180,032...settlement offer" to Gregory for "release of LD's held on project" (app. mot. at 2-3); some exhibits (app. opp'n, exs. 13, 14) are outside the "2006 to 2010" period in SOF ¶ 13; exhibit 13 shows that in July-August 2011 the government was interested in settling LDs (id., exs. 3-4); and the decision omitted exhibits (app. opp'n, exs. 6, 7, 9, 11, 12) showing that Gregory was performing corrective work (app. opp'n at 4-5).

Movant's allegation of omissions of "material" facts is invalid because the contracting officer (CO) did not agree to an extension of the substantial completion date and correlative reduction of Gregory's LD liability; the parties' discussions regarding unadjusted changes and Mr. Andrysiak's 30 September 2010 settlement recommendation (app. supp. R4, tab 56) did not postpone the running of the six-year CDA statute of limitations, for the reasons stated in our decision, 14-1 BCA ¶ 35,524 at 174,111; and repair work Gregory performed after the date of substantial completion is immaterial to its liability for LDs.

Accordingly, to clarify the scope and dates of the parties' communications, we revise SOF ¶ 13 to state: "From 2006 to 2011 the parties intermittently discussed, *inter alia*, time extensions for unadjusted changes, but they did not agree to adjust such changes or Gregory's liability for LDs (app. supp. R4, tabs 48-56; app. opp'n, exs. 3-4, 11-14)."

# III.

The premises of appellant's August 2012 claim and this motion for reconsideration are that assessment of LDs is a government claim for which the CDA requires a CO's decision, and appellant's claim for remission of LDs accrued on 3 October 2009 when the government's LD claim became time-barred.

Movant's first premise, that assessment of LDs is a government claim for which the CDA requires a CO's decision, is unsound. For many decades agency CO's have offset

LDs from unexpended contract balances, which LDs remain in agency appropriations. When all LDs are so assessed, the CO has no need to demand payment of LDs.

The ASBCA has so recognized. In April 2007 the CO notified the contractor that a deduction "of $103,700.00 for 61 calendar days of [LDs] is also retained" from the contractor's invoice; in May 2007 the contractor submitted a $51,393.65 claim for 77 days of government delay, and in December 2007 the CO's final decision granted a 4-day time extension on the contractor's May claim. While our decision stated that the "assessment of [LDs] is a government claim," despite the absence of any CO decision assessing LDs, we held that the contractor was entitled to recover for 43 days of compensable delay, but was liable for 34 days of LDs. *See Hedgecock Electric, Inc.*, ASBCA No. 56307, 12-2 BCA ¶ 35,086 at 172,312, -314, -318. Thus, it is not correct the CO always must issue a final decision expressly assessing LDs.

In the example cited by the Court of Federal Claims, the $303,550 in LDs exceeded the unexpended contract funding, so the government offset $244,035 for LDs from contract funds and issued a 20 December 2002 CO's decision demanding the $59,514 balance of LDs, on which balance the trial court granted the government summary judgment. *See M. Maropakis Carpentry, Inc. v. United States*, 84 Fed. Cl. 182, 193 (2008), *aff'd*, 609 F.3d 1323, 1329-30 (Fed. Cir. 2010). The trial court and the Federal Circuit Court did not hold or state that the government was barred from retaining the additional $244,035 because it was not demanded in the CO's decision.

Movant's second argument, appellant's claim for remission of LDs accrued on 3 October 2009 when the government's LD claim was time-barred, is based on the false premise that the government was required to submit a claim for LDs. Moreover, this argument is inconsistent with the CDA statute of limitations. As 41 U.S.C. § 7103(a)(4)(A), states: "*Each claim* by a contractor against the Federal Government relating to a contract and *each claim* by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim" (emphasis added).

Accordingly, we deny appellant's motion for reconsideration.

Dated: 12 May 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur                                    I concur


MARK N. STEMPLER                            MARK A. MELNICK
Administrative Judge                        Administrative Judge
Acting Chairman                             Acting Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


        I certify that the foregoing is a true copy of the Opinion and Decision of the Armed
Services Board of Contract Appeals in ASBCA No. 58517, Appeal of The R.R. Gregory
Corporation, rendered in conformance with the Board's Charter.

        Dated:


                                    JEFFREY D. GARDIN
                                    Recorder, Armed Services
                                    Board of Contract Appeals

4